IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL T. RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF TEXAS,<br><br>    Defendant. | Case No. 3:19-cv-00334-C-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil rights action is Defendant the State of Texas's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (ECF No. 6). For the reasons stated, Defendant's Motion should be GRANTED, and Plaintiff's claims should be DISMISSED under Rule 12(b)(1) for lack of subject-matter jurisdiction.

**Background**

Plaintiff alleges the Texas Department of Family and Protective Services (FPS) violated the law in obtaining an order authorizing an investigation of child abuse or neglect of his children and a subsequent order appointing FPS temporary custodian of one of his children. Compl. 4-5, 7-9 (ECF No. 2); Pl.'s Ex. A, B. Plaintiff's claims appear to rely primarily on the argument that these court orders, issued in the District Court of Dallas County and bearing a judge's signature and date, are forged or otherwise inauthentic. *See* Compl. 4-5, 7-9. Plaintiff purportedly

1

brings his claims under 42 U.S.C. §§ 1983, 1985, and 1986 (*id.* at 1), but he fails to specifically allege a violation of his constitutional rights. He does, however, also assert that FPS should be found in violation of Federal Rule of Evidence 901, 18 U.S.C. §§ 1621 and 1203, and 25 C.F.R. §§ 11.404 and 11.448. *Id.* at 3-9. Plaintiff seeks monetary damages in the amount of $750,000 with pre- and post-judgment interest, recovery of the cost of filing his complaint, certain changes to be made to FPS policy, and a 30-day injunction "for every child Texas [FPS] has taken in the past 6 months[,] using [the practices he complains of, to] be returned to their famil[ies] . . . giving the parents/guardians time to verify the authentication of all court order documents that do not [meet certain requirements]." *Id.* at 10-12. Defendant timely filed the instant Motion to Dismiss. The Motion is fully briefed and ripe for determination.

## **Legal Standard**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*

Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted)). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. Here, the State filed the Motion to Dismiss unaccompanied by

exhibits or appendices, thus making a "facial" attack on the Court's subject-matter jurisdiction.

## Analysis

Plaintiff's claims, including any claims under §§ 1983, 1985, or 1986, are barred by the Eleventh Amendment. The Eleventh Amendment precludes an individual from suing a state or its agencies, such as FPS, unless the state consents to the suit or Congress has "clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Congress has not abrogated sovereign immunity for §§ 1983, 1985, or 1986 claims. *Quern v. Jordan*, 440 U.S. 332, 338 (1979); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (per curiam). And Texas has not waived its Eleventh Amendment sovereign immunity with respect to such claims. *See Walker v. Livingston*, 381 F. App'x 477, 479 (5th Cir. 2010) (per curaim) (citing *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996)). Moreover, Congress has not abrogated, and Texas has not waived, immunity for claims under federal criminal statutes or under the Federal Rules of Evidence. Indeed, there is no private cause of action for violations of either. *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (per curiam) (federal criminal statutes); *Hunter v. Martinez*, 2008 WL 3895969, at * 2 (N.D. Tex. Aug. 20, 2008) (federal criminal statutes); *In re Madison Guar. Sav. & Loan Ass'n*, 173 F.3d 866, 869 (D.C. Cir. 1999) (Federal Rules of Evidence). The Eleventh Amendment bar is jurisdictional, and it applies regardless of the nature of the relief sought. *Pennhurst*

4

*State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Wauson v. Tex. Dep't of Family & Protective Servs.*, 2008 WL 11419033, at *2 (W.D. Tex. July 28, 2008) (dismissing § 1983 claims against FPS for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as barred by Eleventh Amendment sovereign immunity); W*ernecke v. Tex. Dep't of Family & Protective Servs.*, 2008 WL 11464762, at *1 (S.D. Tex. Jan. 30, 2008) (same).

Plaintiff also appears to seek private enforcement of (1) Federal Rule of Evidence 901, which provides that items introduced into evidence at trial must be authenticated and lists items that are self-authenticating; (2) 18 U.S.C. §§ 1621 and 1203, which are federal criminal statutes stating the elements for the crimes of perjury and hostage taking, respectively; and (3) 25 C.F.R. §§ 11.404 and 11.448, which proscribe false imprisonment and abuse of power, respectively, in certain Indian tribes. But the Eleventh Amendment bars all Plaintiff's claims, as Congress has not abrogated sovereign immunity with respect to them, and there is no indication Defendant has consented to suit. The Court thus lacks subject-matter jurisdiction.

This suit is similar to, and was filed almost simultaneously with, another suit Plaintiff brought in this Court based on the same incident concerning Plaintiff's children. Indeed, on February 20, 2019, *days* after filing his February 11, 2019 complaint initiating this case, Plaintiff filed a complaint, purportedly brought under § 1983, seeking that the Texas Education Agency be found in violation of, among other laws, 18 U.S.C. § 1203 and 25 C.F.R. §§ 11.404 and 11.448. *See*

5

Document No. 3 at 7, 11, 14-15, *Russell v. Texas*, No. 3:19-cv-00430-S-BN. The Court, however, dismissed Plaintiff's claims for lack of subject-matter jurisdiction on sovereign immunity grounds. *Russell*, 2019 WL 4757776, at *2-3 (N.D. Tex. Aug. 23, 2019), *rec. adopted*, 2019 WL 4749977 (N.D. Tex. Sept. 30, 2019). Indeed, in his findings, conclusions, and recommendation of dismissal, the magistrate judge described the principles of sovereign immunity and advised that against those principles, "Mr. Russell's lawsuit must be dismissed for lack of subject matter jurisdiction." *Id.* Over Plaintiff's objection that the federal court should exercise jurisdiction, the district court accepted the findings, conclusions, and recommendation of the magistrate judge and dismissed Plaintiff's claims. *Russell*, 2019 WL 4749977. Because the principles of sovereign immunity apply equally here as they did in Plaintiff's prior suit, the same outcome, dismissal, is warranted.

## Recommendation

For the foregoing reasons, Defendant's Motion should be GRANTED, and Plaintiff's claims should be DISMISSED under Rule 12(b)(1) for lack of subject-matter jurisdiction.

**SIGNED** January 21, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).